UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>ADVANCE AUTO PARTS, INC. D/B/A ADVANCE AUTO PARTS, AND DISCOUNT AUTO PARTS, LLC D/B/A ADVANCE AUTO PARTS,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**INJUNCTIVE RELIEF SOUGHT** |

## <u>NATURE OF ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful sex and race-based employment practices and to provide appropriate relief to: Charging Party Jessica Warens ("Ms. Warens"), a lesbian employee discriminated on the basis of sex; a class of aggrieved non-heterosexual

1

employees subjected to harassment based on sex, who were adversely affected by such practices; and a class of aggrieved Black employees subjected to harassment based on race, who were adversely affected by such practices. As alleged with greater particularity below, Defendants Advance Auto Parts, Inc. d/b/a Advance Auto Parts, and Discount Auto Parts, LLC d/b/a Advance Auto Parts (collectively Defendants or "Advance Auto"), violated Title VII of the Civil Rights Act of 1964 by subjecting Ms. Warens to a hostile work environment based on her sex, subjecting a class of non-heterosexual employees to hostile work environment based on their sex, and subjecting a class of Black employees to hostile work environment based on their race.

## JURISDICTION AND VENUE

1.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2.      Venue is proper because a substantial part of the events giving rise to Title VII violations occurred at Advance Auto stores located in Stuart, Florida, and Jupiter, Florida, which are both within the jurisdiction of the United States District Court for the Southern District of Florida, West Palm Beach Division.

## PARTIES

3.     Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Discount Auto Parts, LLC, has continuously been doing business in the State of Florida and has continuously had at least 15 employees.

5.     At all relevant times, Discount Auto Parts, LLC, has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.     At all relevant times, Advance Auto Parts, Inc., has continuously been doing business in the State of Florida through its wholly owned subsidiaries and has continuously had at least 15 employees.

7.     At all relevant times, Advance Auto Parts, Inc., has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

8.     More than thirty days prior to the institution of this lawsuit, Charging Party Jessica Warens filed a charge of discrimination with EEOC alleging Advance Auto violated Title VII.

9.     EEOC issued a Letter of Determination finding reasonable cause to believe Advance Auto subjected Ms. Warens to a sexually hostile work environment; that Advance Auto subjected a class of employees at its Stuart and Jupiter locations to a hostile work environment based on sex (sexual orientation) from at least January 2020 to the present; and that Advance subjected a class of Black employees at its Stuart and Jupiter locations to a racially hostile work environment from at least January 2020 to the present.

10.     Prior to initiating this lawsuit, EEOC attempted to correct the unlawful employment practices alleged herein through conciliation to remedy the discriminatory practices and provide appropriate relief.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

12.     Advance Auto Parts, Inc., is a nationwide retailer that sells automotive aftermarket replacement parts and accessories, such as batteries and windshield wipers.

13.     Advance Auto Parts, Inc., is a Delaware corporation.

14.     Advance Auto Parts, Inc., operates thousands of retail stores through wholly owned subsidiaries under the trade name "Advance Auto Parts".

15.     Discount Auto Parts, LLC, is a Virginia corporation registered to do business in Florida.

16.     Discount Auto Parts, LLC is a wholly owned subsidiary of Advance Auto Parts, Inc.

17.     Discount Auto Parts, LLC, also does business under the trade name "Advance Auto Parts."

18.     Discount Auto Parts, LLC, employs workers at "Advance Auto Parts" store locations in Stuart, Florida, and Jupiter, Florida.

19.     Advance Auto Parts, Inc. also holds itself out as the employer of those working at "Advance Auto Parts" Florida store locations, including the Stuart and Jupiter locations.  For example, on its website, Advance Auto Parts, Inc., posts job advertisements for positions located in the Stuart and Jupiter, Florida Advance Auto Parts locations. And, in public filings, Advance Auto Parts, Inc. refers to subsidiary employees as its "team members."

20.     Advance Auto Parts, Inc. and Discount Auto Parts, LLC, are joint employers and/or operate as a single, integrated enterprise employing workers at store locations in Stuart and Jupiter, Florida.

<u>Charging Party Jessica Warens</u>

21.     Charging Party Jessica Warens is a lesbian female who has been married to her wife for over 15 years.

22.     Advance Auto hired Ms. Warens to be the assistant general manager at its Stuart, Florida, location on January 10, 2020.

23.     As assistant general manager, Ms. Warens was responsible for assigning tasks to store employees, creating work schedules, handling customer complaints, and enforcing safety rules and policies, among other various job duties.

24.     Ms. Warens was the head supervisor in charge of the store whenever the general manager was not present.

25.     Within a month of starting work, Ms. Warens was verbally and physically attacked by Cordell Sanders, a male salesperson, who refused to carry out her assignment.

26.     Sanders threw computer equipment at Ms. Warens's head, nearly striking her, and yelled that he would not take orders from a lesbian woman.

27.     Sanders had to be restrained by his coworkers as he attempted to hurl various objects within his reach at Ms. Warens.

28.     Ms. Warens reported this violent confrontation to her general manager and district manager, both men.

29.     After his attack against Ms. Warens, Sanders remained employed at the Stuart location.

30.     After she reported the attack by Sanders, Advance Auto transferred Ms. Warens to the Jupiter, Florida location.

31.     Ms. Warens understood that Advance Auto would fire her if she did not accept the transfer to the Jupiter, Florida location.

32.     The Jupiter, Florida location required Ms. Warens to travel significantly further from her house to get to work.

33.     Ms. Warens started at the Jupiter, Florida location on February 28, 2020.

34.     Several employees at the Jupiter store also subjected Ms. Warens to homophobic slurs and sexually charged, demeaning conduct because of her sexual orientation and refused to follow her orders.

35.     In her first week at the new location, Ms. Warens heard salesperson Joe Whidden say he didn't know why lesbians were being hired.

36.     Thereafter, Whidden continued making derogatory comments in Ms. Waren's presence, such as gays and lesbians should not exist, and she (Ms. Warens) had never been with a man.

37.      Ms. Warens complained to her new general manager, Alex Santana, that Whidden was constantly making homophobic comments.

38.     Santana did not discipline Whidden or raise Ms. Waren's complaints about Whidden to Advance Auto's human resources department.

39.     Salesperson Daniel Berman frequently used the slur "fag" around the store while Ms. Warens was present, and told Ms. Warens he would not take instructions from a lesbian.

40.     Another salesperson, Hayden Allen, called Ms. Warens a dumb dyke and asked her how long she had been eating pussy.

41.     Berman and Allen poked Ms. Warens's buttocks without her permission.

42.     A female employee named Liz Hendrick continually talked about Ms. Warens's sexual orientation and marital status although Ms. Warens repeatedly told Hendrick she did not want to speak about her personal life.

43.     Ms. Warens reported Hendrick's comments to Advance Auto, and nothing was done.

44.     Another female employee told Ms. Warens she did not work well with lesbians.

45.     Ms. Warens reported the comment to General Manager Santana, and no action was taken against the female employee.

46.     Vile and inappropriate comments about Ms. Waren's sexual orientation occurred on a near-daily basis at the Jupiter store.

47.     Ms. Warens repeatedly made verbal complaints about the abusive treatment to Advance Auto.

48.     Ms. Warens was subjected to homophobic comments and sexually charged, demeaning conduct despite her complaints.

49.     Advance Auto terminated Ms. Warens's employment on or about January 8, 2021.

50.     Ms. Warens was harmed and suffered damages as a result of the sexual hostile work environment she endured.

<u>Class of Black and LGBTQ Employees</u>

51.     Non-heterosexual employees were frequently subjected to derogatory comments about their sexual orientation from Advance Auto coworkers.  Such comments included but were not limited to:

     i.     Co-workers called, TJ Miller, a bisexual Black man, a "fag", "gay as fuck", and mockingly asked how long he enjoyed dick.

    ii.     Anytime Mr. Miller's partner visited the store, salesperson Hayden Allen would loudly make inappropriate remarks about their relationship, such as they are fucking each other.

52.     Charging Party Warens reported homophobic slurs to General Manager Santana.

53.     Black employees were frequently subjected to racially charged comments about their race from Advance Auto coworkers and customers. For example, such comments included but were not limited to:

    iii.    Stephen Smith, the retail parts pro supervisor, constantly called Black employees lazy N-words.

    iv.    Smith had outbursts against Black employees.

    v.     Smith referred to Black customers as drug-dealing N-words.

    vi.    On a slow business day, Smith sent Mr. Miller home early saying that he "and his kind were lazy".  Smith did not make similar comments about White employees.

    vii.   A customer told Mr. Miller to come work for him, and he would pay him the same thing he paid his grandfather when he picked cotton.

    viii.  Another salesperson Joe Whidden called his Black coworkers N-Words in the presence of other employees.

54.     Mr. Miller and Charging Party Warens reported the racist conduct and racist comments to General Manager Alex Santana and/or District Manager Tim Erschick.

55.     Advance Auto had knowledge of all the above racial and sex-based harassment through its managers, and no corrective actions were taken to prevent the harassment.

56.    The homophobic, sexually charged and racial comments and conduct continued after Miller and Warens reported them to General Manager Alex Santana and/or District Manager Tim Erschick.

57.    As a result, a class of Black employees were harmed and suffered damages as a result of Advance Auto's unlawful conduct.

58.    As a result, a class of non-heterosexual employees were harmed and suffered damages as a result of Advance Auto's unlawful conduct.

## STATEMENT OF CLAIMS

### Count 1: Hostile Work Environment (Jessica Warens)

59.    As set forth in Paragraphs 21 through 50, which are fully incorporated herein, Advance Auto engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Ms. Warens to a hostile work environment based on her sex.

60.    The effect of the practices complained of in Paragraphs 21 through 50 has been to affect the terms and conditions of employment for Ms. Warens, to deprive her of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her sex.

61.    The unlawful employment practices complained of in Paragraphs 21 through 50 were intentionally done with malice and/or reckless indifference to Ms. Warens's federally protected rights.

11

62.     Ms. Warens suffered damages as a result of the unlawful employment practices.

## Count 2: Hostile Work Environment
## (non-heterosexual Class Members)

63.     As set forth in Paragraphs 51 through 58, which are fully incorporated herein, Advance Auto subjected and continues to subject a class of non-heterosexual employees to a hostile work environment based on sex, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

64.     The effect of the practices complained of in Paragraphs 51 through 58 has been to affect the terms and conditions of the aggrieved class members, to deprive them of equal employment opportunities, and to otherwise adversely affect their status as employees because of their sex.

65.     The unlawful employment practices complained of in Paragraphs 51 through 58 were intentionally done with malice or with reckless indifference to the federally protected rights of the aggrieved class members based on their sex.

66.     The aggrieved class members suffered damages as a result of the unlawful employment practices.

## Count 3: Hostile Work Environment (Black Class Members)

67.    As set forth in Paragraphs 51 through 58, which are fully incorporated herein, Advance Auto subjected and continues to subject a class of Black employees to a hostile work environment based on race, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

68.    The effect of the practices complained of in paragraphs 51 through 58 has been to affect the terms and conditions of the aggrieved class members, to deprive them of equal employment opportunities, and to otherwise adversely their status as employees because of their race.

69.    The unlawful employment practices complained of in Paragraphs 51 through 58 were intentionally done with malice and/or reckless indifference to the federally protected rights of the aggrieved class members based on their race.

70.    The aggrieved class members suffered damages as a result of the unlawful employment practices.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests this Court:

71.    Grant a permanent injunction enjoining Advance Auto, its officers, agents, servants, managers, employees, and all persons in active concert or participation with them, from participating in discriminatory conduct based on

13

sex and race including, but not limited to, permitting a hostile work environment;

72.     Order Advance Auto to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black, and non-heterosexual employees, and which eradicate the effects of its past and present unlawful employment practices;

73.     Order Advance to make Ms. Warens, the class of aggrieved Black employees, and the class of non-heterosexual employees whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

74.     Order Advance Auto to pay Ms. Warens, the class of aggrieved Black employees, and the class of non-heterosexual employees punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

75.     Grant such further relief as the Court deems necessary and proper in the public interest; and

76.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:   September 30, 2024                    Respectfully submitted,

KARLA GILBRIDE
General Counsel
U.S. Equal Employment
Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507

CHRISTOPHER LAGE
Deputy General Counsel
U.S. Equal Employment
Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507

GWENDOLYN Y. REAMS
Associate General Counsel
U.S. Equal Employment
Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507

KRISTEN M. FOSLID
Regional Attorney
Florida Bar No. 688681
Kristen.foslid@eeoc.gov

BEATRIZ BISCARDI ANDRE
Assistant Regional Attorney
New York Bar No. 4394599
Beatriz.andre@eeoc.gov

U.S. Equal Employment
Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500

Miami, FL 33131

*/s/ Toussaint Cummings*
Toussaint Cummings
Trial Attorney
Florida Bar No. 119877
U.S. Equal Employment
Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, FL 33602
toussaint.cummings@eeoc.gov