UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-81200-ROSENBERG

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

   Plaintiff,

v.

DISCOUNT AUTO PARTS LLC & ADVANCE
AUTO PARTS, INC.,

   Defendants.
_____/

### ORDER GRANTING MOTION TO INTERVENE AND ADD NEW CLAIMS AND EXTENDING REMAINING DEADLINES

**THIS MATTER** is before the Court on Prospective Intervenor Jessica Warrens' Motion for Leave to Intervene (the "Motion") [DE 38]. Defendant Discount Auto Parts, LLC filed a Partial Opposition to the Motion [DE 39]. The Court has reviewed the Motion, Defendant's partial opposition, Warrens' Reply in support of the Motion [DE 40], and the record. For the reasons discussed below, the Motion is **GRANTED**.

On September 30, 2024, the Equal Employment Opportunity Commission (the "EEOC") initiated this action against Defendant Discount Auto Parts.[1] DE 1. The Complaint alleged that Defendant discriminated against its employees on the basis of both their race and sex by creating a hostile work environment. *Id.* ¶ 59, 63, 67. The EEOC brought its claims specifically on behalf of Jessica Warrens and generally on behalf of other LGBTQ employees and Black employees. *Id.*

---

[1] Although the EEOC also initially sued Advanced Auto Parts, Inc., the parties jointly stipulated to dismiss Advanced Auto Parts, Inc. from the suit. DE 42. As a result, DAP is the only remaining defendant.

On December 9, 2024, Defendant moved to dismiss the Complaint. DE 11.  Then, on February 27, 2025, the Court denied that motion. DE 34.  Defendant filed its Answer on March 7, 2025. DE 35.  Less than three weeks later, Jessica Warrens filed her Motion to Intervene as a plaintiff. DE 38.  Defendant opposes Warrens' Motion in part, DE 39, but the EEOC does not oppose Warrens' intervention, DE 38 at 3.

The Motion requests leave to intervene under Federal Rule of Civil Procedure 24.  DE 38 at 2.  Rule 24(a) allows for intervention as a matter of right and requires that (1) the motion be timely, and (2) the prospective intervenor (a) has a statutory right to intervene, or (b) claims an interest that is subject to the action, is not adequately represented by another party, and would otherwise be impaired if they were not permitted to intervene. The prospective intervenor bears the burden to demonstrate that intervention is appropriate. *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 291 (11th Cir. 2020).  Timeliness is determined by considering:

> (1) the length of time during which the proposed intervenor knew or reasonably should have known of its interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if its motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that its motion was timely.

*Brown ex rel. O'Neil v. Bush*, 194 F. App'x 879, 882 (11th Cir. 2006) (alterations adopted); *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1516 (11th Cir. 1983) ("Th[e] [same timeliness] analysis applies whether intervention of right or permissive intervention under [Rule] 24 is claimed."). However, "timeliness is not a word of exactitude or of precisely measurable dimensions" and it

"must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1260 (11th Cir. 2002) (alterations adopted).

Defendant does not oppose Warrens' request to intervene as a matter of right so long as she is not permitted to add claims not previously brought by the EEOC. DE 39 at 3. Warrens has a statutory right to intervene pursuant to 42 U.S.C. § 2000e-5(f) which states that the "person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC]." *See also EEOC v. STME, LLC*, 938 F.3d 1305, 1322 (11th Cir. 2019) ("The language of § 2000e-5(f)(1) unambiguously gives employees an unconditional right to intervene in EEOC enforcement actions."). Warrens seeks to intervene as a matter of right to maintain the EEOC claims in her own capacity *and* to assert new claims for retaliation under Title VII and for violations of the Florida Civil Rights Act ("FCRA"). DE 38 at 2. To that end, Defendant argues that adding the new claims is untimely under Rule 24(a). The Court finds the request to intervene under Rule 24(a) is appropriate because the second, third, and fourth timeliness factors weigh in favor of allowing Warrens to intervene.

The first timeliness factor weighs against Warrens. As Defendant argues, Warrens filed her Motion six months after the EEOC initiated the Complaint against Defendant. *Id.* at 3. But, as the action was brought on her behalf, Warrens should have reasonably known of her interest in intervening at that point. *But see Jefferson Cnty.*, 720 F.2d at 1516 ("[M]ere knowledge of the pendency of an action, without appreciation of the potential adverse effect an adjudication of that action might have on one's interests, does not preclude intervention.").

The remaining timeliness factors weigh in Warrens favor. Defendant argues that the second factor—the prejudice the existing parties will face if Warrens is allowed to intervene—

3

weighs in its favor. Specifically, Defendant argues that the addition of new claims is untimely as it comes after the Court's established deadline to do so—March 21, 2025. *Id.* (citing the Court's Scheduling Order at DE 27). Defendant argues that it has engaged "in a significant amount of fact discovery" with the EEOC, including the production of documents and conference on responses and objections to discovery requests, without the benefit of the proposed additional claims. Defendant contends that the focus of discovery has been on "claims of harassment and do not address issues concerning retaliation, disciplinary action, discharge, and back pay damages." *Id.* at 3–4. Moreover, allowing for the addition of the claims will require that Defendant "revisit written discovery requests and responses to address the new allegations and claimed damages, which are separate from the EEOC." *Id.* at 4. Defendant is concerned that it will be prejudiced as the discovery cutoff date is on August 1, 2025, which is less than four months from the date of Warrens' motion. *Id.*

The Court maintains case management discretion to extend deadlines. Thus, to extent that Defendant would be prejudiced by the addition of the new claims, the Court may extend the remaining deadlines if needed, even though Warrens did not assert any new facts in her prospective intervenor complaint but reasserted and relied upon the facts as alleged by the EEOC. *See* DE 38-1; DE 1. Although the Title VII retaliation claim has substantively different elements from the EEOC's alleged Title VII claims, the claims arise from the same set of facts. Much of the discovery produced in relation to the Title VII claims brought by the EEOC will be applicable to Warrens' FCRA claims. The "FCRA is modeled after Title VII, and claims brought under it are analyzed under the same framework, . . . and their outcome is the same as the federal ones." *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010). Thus, additional discovery to address the FCRA claims is either limited or unlikely. *See* DE 40 4 n.2 (noting that

4

some discovery as to damages has already occurred despite Defendant's contention otherwise). Although some additional discovery may be required, the Court is not persuaded that such discovery would be unduly prejudicial to Defendant, especially if the Court extends the relevant deadlines. Additionally, as the second factor requires the Court to consider the prejudice "to the existing parties," *Brown*, 194 F. App'x at 882, that the EEOC is not opposed also weighs in support of Warrens' Motion.

The third factor requires the Court to consider what prejudice the proposed intervenor would face if not allowed to intervene. Here, Warrens would face significant prejudice as her claims may be time barred or otherwise precluded if she is not permitted to pursue them in this case. *See Jefferson Cnty.*, 720 F.2d at 1517 (explaining that the preclusive effect of a final judgment without the intervenor present may weigh in favor of intervention). Therefore, this factor weighs in her favor.

The fourth factor also weighs in Warrens' favor as she has experienced unusual circumstances impacting her ability to timely file the Motion. In 2023, Warrens' twin daughters were born prematurely and one of them suffered complications from her treatment. DE 40 at 5–6. That daughter passed away from those complications in February 2024. *Id.* In addition to arranging her own daughter's funeral and navigating potential litigation related to the incident, Warrens sought therapy and help through this period of loss. *Id.* Then, in the later months of 2024, Warrens' father became ill. *Id.* She became her father's medical surrogate, attended to his medical needs, and arranged his treatment and eventual entry into hospice care. *Id.* Shortly after the EEOC initiated the suit against Defendant, Warrens' father passed away. *Id.* She also planned her father's funeral. *Id.* These series of tragedies weigh in Warrens' favor as to timeliness.

Thus, the Court finds that the Motion is timely because second, third, and fourth timeliness factors weigh in Warrens' favor.  Warrens has satisfied her burden to show that her intervention is appropriate and that the new claims should be added under Rule 24(a).

Based on the foregoing, Prospective Intervenor Jessica Warrens' Motion for Leave to Intervene [DE 38] is **GRANTED**.  Plaintiff-Intervenor Warrens shall file her complaint within five business days from the date of this Order.

It is further **ORDERED** that all remaining deadlines are extended as follows:

**July 17, 2025**: The parties shall provide opposing counsel with a written list with the names and addresses of all primary/initial expert witnesses intended to be called at trial and only those primary/initial expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2). Within the 30 day period following this disclosure, the parties shall make their experts available for deposition. The experts' deposition may be conducted without further Court order.

**July 24, 2025**: Any motions for class certification shall be filed.

**August 15, 2025**: The parties shall provide opposing counsel with a written list with the names and addresses of all rebuttal/responsive expert witnesses intended to be called at trial and only those rebuttal/responsive expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2).[2] Within the 30 day period following this disclosure, the parties shall make their experts

---

[2] Nothing in this Order shall modify the requirements of the Federal Rules with respect to when an expert summary report may be produced in lieu of a full, written expert report; a party may produce a summary expert report only when the Federal Rules so permit.

6

available for deposition. The experts' deposition may be conducted without further Court order.

**Note**: The above provisions pertaining to expert witnesses do not apply to treating physicians, psychologists or other health providers.

**September 15, 2025**: All fact discovery shall be completed.

**September 15, 2025**: All expert discovery shall be completed.

**October 16, 2025**: All Pretrial Motions, including summary judgment motions, *Daubert* motions, and motions *in limine* shall be filed.

**November 17, 2025**: Mediation must be completed.

**November 26, 2025, at 10:00 a.m.**: Pretrial Status Conference.

**December 12, 2025**: The Pretrial Stipulation shall be filed. Designations of deposition testimony shall be made.  Parties shall also exchange Rule 26(a)(3) witness and exhibit lists.

**December 17, 2025**: Counter-designations of deposition testimony and objections to designations of deposition testimony shall be filed. Late designations shall not be admissible absent exigent circumstances.

**December 22, 2025**: Objections to counter-designations of deposition testimony and responses to objections to designations of deposition testimony shall be filed.

**December 26, 2026**: Responses to objections to counter-designations of deposition testimony shall be filed.

**December 29, 2025**: Jury Instructions or Proposed Findings of Fact and Conclusions of Law shall be filed.  The parties' joint statement of the case is due.  The parties' joint trial plan is due.  The parties shall file their finalized exhibit list and witness list.  The parties'

Notice of Intent to Seek Pretrial Adjudication of Deposition Designations, if applicable, is also due.

**January 2, 2026**: The parties' Notice of Remaining Issues that Require Adjudication is due.  The parties' joint deposition designation notebook, if applicable, is due.

**January 7, 2026, at 10:00 a.m.**: Calendar Call.

**January 12, 2026, at 9:00 a.m.**: The start of the four-week trial period.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 22nd day of May, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE